**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEVIN L. WASHINGTON,

        Plaintiff(s),

v.

CAROLYN W. COLVIN,

        Defendant(s).

2:11-CV-860 JCM (CWH)

**ORDER**

Presently before the court are the report and recommendation of Magistrate Judge Hoffman. (Doc. # 21). Plaintiff Kevin L. Washington filed an objection to the recommendation. (Doc. # 22). Defendant filed a response to plaintiff's objection. (Doc. # 25).

On January 16, 2008 plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental income, alleging he became disabled on December 20, 2007. On August 13, 2009, the administrative law judge ("ALJ") overseeing the case found that plaintiff was not disabled as defined by the Social Security Act. That decision became final when the appeals council denied plaintiff's request for review on March 25, 2011.

On May 26, 2011, plaintiff commenced this action. After thoroughly analyzing plaintiff's grounds for review, Magistrate Judge Hoffman recommended that summary judgment be granted in favor of defendant. (Doc. # 21). Plaintiff objects to Magistrate Judge Hoffman's report, arguing (1) it does not give adequate consideration to plaintiff's arguments regarding excess pain, and (2) it does not address the ALJ's failure to ascertain the degree of erosion to the relevant exertional

**James C. Mahan**
**U.S. District Judge**

category. The court will address both of these arguments in turn.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In his first objection, plaintiff argues that the magistrate judge did not conduct an excess pain analysis in order to resolve the alleged incongruities between his personal account and the medical evidence relating to his symptoms.

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . . Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (internal citations and quotation marks omitted).

Specifically, plaintiff cites to authority indicating that a lack of support from objective medical evidence is not sufficient by itself for a court to find that a claimant's account of pain is not credible. *See Bunnell v. Sullivan,* 947 F.2d 341, 347 (9th Cir. 1991). However, the ALJ's conclusion was supported not only by objective medical evidence, but also evidence regarding plaintiff's daily activities and plaintiff's own inconsistent descriptions of his claimed disability. (Doc. # 21 p. 8-9). After considering this entire body of evidence, the ALJ found that plaintiff's account of his pain lacked credibility. Therefore, the court finds that the magistrate judge did not err in recommending the affirmation of the ALJ's finding that plaintiff was less than fully credible.

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

In his second objection, plaintiff argues that the magistrate judge erred in failing to consider that the ALJ did not make an explicit finding as to the degree of erosion within plaintiff's exertional category. Part of the evaluation process to determine whether an individual is disabled requires a finding as to whether the individual is able to do any work, considering his residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g).

In this case, the ALJ made a finding that plaintiff was able to stand or walk for only four hours out of an eight-hour workday, as well as various other limitations. These qualities placed plaintiff at a reduced degree of the light residual functional capacity level. The ALJ obtained vocational expert testimony in order to determine whether jobs existed at the light residual functional capacity level given plaintiff's additional limitations. The vocational expert testified that three specific jobs: parking lot attendant, cashier 2, and assembler, could be performed with someone of plaintiff's specific limitations. The ALJ also inquired as to whether the expert believed this testimony was in conflict with Department of Transportation guidelines, to which the expert responded in the negative.

Plaintiff cites to no authority requiring that an ALJ make an explicit finding as to the degree of erosion prior to determining whether a claimant is able to perform various types of work. After reviewing the record, the court finds that the ALJ made an extremely specific inquiry as to the categories of work plaintiff was able to perform given his precise limitations. Accordingly, the court finds that Magistrate Judge Hoffman did not err in recommending that the court affirm the findings of the ALJ.

Therefore, after conducting de novo review of the portions of the report plaintiff objected to, this court finds good cause appears to ADOPT the magistrate judge's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Hoffman (doc. # 21) are ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (doc. # 14) is DENIED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendant's cross-motion for summary judgment (doc. # 19) is GRANTED. The clerk shall enter judgment accordingly and close the case.

DATED April 14, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -